CHARLES E. EDEY, GEORGE R. LESLIE and SAMUEL SLOAN,
  Plaintiffs, *v.* SAMUEL SEGAR and HARRIET MULLINS,
  Defendants.

(Supreme Court, New York Special Term, January, 1919.)

Evidence — in action by stock brokers to .enforce a lien — witnesses —
  when plaintiff entitled to judgment.

  Where in an action by stock brokers to enforce a lien upon
  certain stock and bonds in their possession but standing some
  in the name of the defendant and some in the name of his
  secretary there is a conflict of evidence as to the relations
  between the parties, the case must be decided not only upon
  the credibility of the witnesses but also upon the inferences
  that may properly be drawn from undisputed facts.

  Evidence in an action to collect an indebtedness arising
  because of the alleged responsibility of defendant not only
  for a speculative account carried in his own name but also
  for one carried in the name of his secretary, considered,
  and *held* that plaintiff was entitled to judgment.

ACTION to foreclose a lien. upon certain shares of stocks and certain bonds standing in the hands of defendants.

Goldman & Unger (William F. Unger, of counsel), for plaintiffs.

Carns, Leventritt & Goetz (William L. Carns, of counsel), for defendant Segar.

PHILBIN, J. The plaintiffs, stockbrokers, seek to foreclose a lien upon certain shares of stock and certain bonds standing in the name of the defendants and in plaintiff's possession. It is claimed that the indebtedness to collect which the foreclosure is sought arises because the defendant Segar is responsible for an account carried in the name of his secretary, one Harriet Mullins, as well as for one carried in his own name. The former account shows a debit margin and the latter a credit margin. The question to be determined is whether the two accounts shall be considered in effect as a single account owned solely by defendant Segar, who will be referred to herein for convenience as the defendant. The defendant Mullins was not served and is, therefore, not a party. to this action.

The evidence is very conflicting as to the relations between the parties and the conclusion reached must be based not only upon the credibility of the witnesses but also upon the inferences that may properly be drawn from such facts as are undisputed. It must be said at the outset that the conduct of the plaintiffs throughout their dealings with the defendant is consistent with the attitude now taken by them and lends support to their testimony where it is in conflict with that given by him. I do not think that the same can fairly be said of the conduct of the defendant. The circumstances attend-

Supreme Court, January, 1919.        [Vol. 105.

ing the opening of the Mullins account by the defendant and his subsequent dealings with it tend to support the plaintiffs' claim. At the time of the opening of the account, defendant stated that he desired to have it opened for him in the name of Harriet Mullins and deposited $1,000 for that purpose. He directed that all notices be sent to her and later told plaintiffs what stock to buy for the account, and other orders were given by him in relation to it from time to time. The account showed a debit margin for the greater part of the period during which it was carried, and the same low rate of interest was charged against both the Mullins and Segar accounts. The defendant was one of the largest customers of the plaintiffs and carried two accounts, both in his name, one of which was known as No. 2. No trades were made in the latter after the one in the name of his secretary was opened. When, toward the end of the relations of the parties, the attention of the defendant was called to the fact that the account standing in his name and that in the name of Harriet Mullins taken together showed a debit margin, he did not, according to their testimony, deny their right to call upon him for further margin but promised to supply it. He denied that such conversation occurred, but upon a consideration of all the circumstances I think that their testimony is entitled to greater credence. The defendant dealt largely in stock speculations and may certainly be assumed to know the conditions under which such business is usually conducted. He could not have sincerely believed that the plaintiffs would be willing to carry the Mullins account under the conditions briefly referred to if it was the understanding that she alone would be responsible for it. I think this consideration calls for a greater confidence in the testimony given by the plaintiffs. It is true that some testimony was given by Harriet Mullins and her sister

in relation to the moneys which they claimed were furnished by them in connection with the Mullins account but the plaintiffs denied that any money was ever received from them.

The plaintiffs are entitled to the judgment demanded.

Judgment for plaintiffs.